1   Robert F. McCauley (SBN 162056)
    robert.mccauley@finnegan.com
2   FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
3   3300 Hillview Avenue
    Palo Alto, CA 94304-1203
4   Telephone:   (650) 849-6600
    Facsimile:   (650) 849-6666
5
    Gerald F. Ivey (*pro hac vice*)
6   Smith R. Brittingham IV (*pro hac vice*)
    Elizabeth A. Niemeyer (*pro hac vice*)
7   John M. Williamson (*pro hac vice*)
    Rajeev Gupta (*pro hac vice*)
8   Cecilia Sanabria (*pro hac vice*)
    Aidan C. Skoyles (*pro hac vice*)
9   FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
10  901 New York Avenue, NW
    Washington, DC 20001-4413
11  Telephone:   (202) 408-4000
    Facsimile:   (202) 408-4400
12
    Stephen E. Kabakoff (*pro hac vice*)
13  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
14  3500 SunTrust Plaza
    303 Peachtree Street, N.E.
15  Atlanta, GA 30308-3263
    Telephone:   (404) 653- 6400
16  Facsimile:   (404) 653-6444

17  *Attorneys for Plaintiffs*
    OpenTV, Inc., Nagravision S.A., and Nagra
18  France S.A.S.

George A. Riley (S.B. #118304)
griley@omm.com
Luann L. Simmons (S.B. #203526)
lsimmons@omm.com
Melody Drummond Hansen (S.B. #278786)
mdrummondhansen@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Ryan K. Yagura (S.B. #197619)
ryagura@omm.com
Xin-Yi Zhou (S.B. #251969)
vzhou@omm.com
Kevin Murray (S.B. #275186)
kmurray2@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
APPLE INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| OPENTV, INC., NAGRAVISION S.A., and NAGRA FRANCE S.A.S.<br><br>                Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>                Defendant. | CASE NO. 5:15-cv-02008-EJD (NMC)<br><br>**STIPULATION RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION; [PROPOSED] ORDER** |

Plaintiffs OpenTV, Inc., Nagravision S.A., and Nagra France S.A.S. ("Plaintiffs") and Defendant Apple Inc. ("Apple") hereby stipulate to the following provisions for the production of Electronically Stored Information ("ESI"), and respectfully request that the Court enter the proposed order below regarding same:

The Court ORDERS as follows:

1.  This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.  This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.  As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4.  A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5.  Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

A.  **General Document Image Format**.  Each electronic document shall be produced in full-text searchable format (PDFs or single-page Tagged Image File Format ("TIFF") images) with unitizing load files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. The parties agree to make reasonable efforts to suppress duplicates and near duplicates.

B.  **Footer**.  Each document image shall contain a footer with a sequentially ascending production number.

C. **Native Files**.  To the extent a party that receives a document produced in a format specified above believes, on a case-by-case basis, that the document should be produced in an alternative format, the parties agree to meet and confer in good faith concerning such alternative production arrangements. For the avoidance of doubt, it shall be deemed objectionable for a party to request that (1) substantially all documents of a particular type (e.g., spreadsheets), except source code, be produced in native format, and (2) production of native files take place at a time that disrupts other discovery activities (e.g., a deposition) without good cause. For the further avoidance of doubt, requesting the production of a document in its native format shall be deemed not to be disruptive of other discovery activities if the underlying document was produced near the date of said discovery activities.

D. **No Backup Restoration Required**.  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms.

E. **Voicemail and Mobile Devices**.  Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7.  Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8.  E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the fifteen most significant listed e-mail custodians in view of the pleaded claims and defenses,[1] infringement

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

1    contentions and accompanying documents pursuant to P.L.R. 3-1 and 3-2, invalidity contentions and

2    accompanying documents pursuant to P.L.R. 3-3 and 3-4, and preliminary information relevant to

3    damages. The exchange of this information shall occur at the time required under the Federal Rules

4    of Civil Procedure, Local Rules, or by order of the court.

5        9.   E-mail production requests shall identify the custodian, search terms, and time frame. The

6    parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

7    Each requesting party shall limit its e-mail production requests to a total of four custodians per

8    patent per producing party for all such requests. The parties may jointly agree to modify this limit

9    without the court's leave. The court shall consider contested requests for additional or fewer

10   custodians per producing party, upon showing a distinct need based on the size, complexity, and

11   issues of this specific case. Cost-shifting may be considered as part of any such request.

12       10.  Each requesting party shall limit its e-mail production requests to a total of eight search

13   terms per custodian per party. The parties may jointly agree to modify this limit without the court's

14   leave. The court shall consider contested requests for additional or fewer search terms per custodian,

15   upon showing a distinct need based on the size, complexity, and issues of this specific case. The

16   parties agree to confer on a process to test the efficacy of the search terms. The search terms shall be

17   narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name

18   or its product name, are inappropriate unless combined with narrowing search criteria that

19   sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or

20   phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.

21   A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the

22   search, and thus each word or phrase shall count as a separate search term unless they are variants of

23   the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit

24   the production and shall be considered when determining whether to shift costs for disproportionate

25   discovery. Should a party serve email production requests with search terms beyond the limits

26   agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in

27   determining whether any party shall bear all reasonable costs caused by such additional discovery.

28

ORDER REGARDING E-DISCOVERY
Case No. 5:15-cv-02008-EJD (NMC)

11.  Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery.

12.  Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

13.  The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

14.  Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**IT IS SO STIPULATED.**

## ATTESTATION

I, Elizabeth A. Niemeyer, hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

Dated: September 24, 2015

O'MELVENY & MYERS LLP

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

 _/s/ Luann Simmons_____
George A. Riley (S.B. #118304)
griley@omm.com
Luann L. Simmons (S.B. #203526)
lsimmons@omm.com
Melody Drummond Hansen (S.B. #278786)
mdrummondhansen@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Ryan K. Yagura (S.B. #197619)
ryagura@omm.com
Xin-Yi Zhou (S.B. #251969)
vzhou@omm.com
Kevin Murray (S.B. #275186)
kmurray2@omm.com
O'MELVENY & MYERS LLP

 _/s/ E. Niemeyer_____
Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone:    (650) 849-6600
Facsimile:    (650) 849-6666

Gerald F. Ivey (*pro hac vice*)
Smith R. Brittingham IV (*pro hac vice*)
Elizabeth A. Niemeyer (*pro hac vice*)
John M. Williamson (*pro hac vice*)
Rajeev Gupta (*pro hac vice*)
Cecilia Sanabria (*pro hac vice*)
Aidan C. Skoyles (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW

**ORDER REGARDING E-DISCOVERY**
Case No. 5:15-cv-02008-EJD (NMC)

1 | 400 South Hope Street
Los Angeles, California 90071-2899
2 | Telephone: (213) 430-6000
Facsimile: (213) 430-6407
3 |
4 | Attorneys for Defendant
APPLE INC.
5 |
6 |
7 |
8 |
9 |
10 |
11 |

Washington, DC 20001-4413
Telephone:     (202) 408-4000
Facsimile:     (202) 408-4400

Stephen E. Kabakoff (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3263
Telephone:     (404) 653- 6400
Facsimile:     (404) 653-6444

*Attorneys for Plaintiffs*
OpenTV, Inc., Nagravision S.A., and Nagra
France S.A.S.

12

**[PROPOSED] ORDER**

13   **IT IS ORDERED** that the forgoing Stipulation regarding electronic discovery is approved

14 and entered as the Order of the Court.

15

16   Dated:

17   _____
Nathanael M. Cousins
18   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

ORDER REGARDING E-DISCOVERY
Case No. 5:15-cv-02008-EJD (NMC)