**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

GEORGE A. RILEY (S.B. #118304)
griley@omm.com
LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701

RYAN K. YAGURA (S.B. #197619)
ryagura@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
BRIAN M. COOK (S.B. #266181)
bcook@omm.com
KEVIN MURRAY (S.B. #275186)
kmurray2@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:     (213) 430-6000
Facsimile:      (213) 430-6407

*Attorneys for Defendant Apple, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE

| | |
|---|---|
| OpenTV, Inc., Nagravision, SA, and Nagra France S.A.S., <br><br> *Plaintiffs*, <br><br> v. <br><br> Apple Inc., <br><br> *Defendant*. | Case No. 5:15-CV-02008-EJD <br><br> **DEFENDANT'S MOTION TO PRECLUDE RELIANCE ON CERTAIN INVENTION DATES AND TO STRIKE CERTAIN ALLEGATIONS** <br><br> Judge:  Honorable Edward J. Davila <br> Hearing Time:  9:00 a.m. <br> Hearing Date:  Thursday, Sept. 15, 2016 <br> Courtroom:  San Jose Courtroom 4 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 2

II.   LEGAL BACKGROUND ON PATENT PRIORITY DATES AND THE
NORTHERN DISTRICT OF CALIFORNIA'S REQUIREMENT THAT THEY
BE DISCLOSED EARLY IN LITIGATION ...................................................... 2

III.  FACTUAL BACKGROUND .............................................................................. 4

IV.  THE COURT SHOULD PRECLUDE OPENTV FROM ASSERTING
INVENTION DATES EARLIER THAN THOSE DISCLOSED IN ITS PATENT
LOCAL RULE 3-1(f) DISCLOSURES AND STRIKE ALL LATE
DISCLOSURES OF EARLIER INVENTION DATES AND ALL QUALIFYING
LANGUAGE ...................................................................................................... 6

    A.     OpenTV seeks to flagrantly disregard its obligations under Patent Local
Rules 3-1(f) and 3-2(b) ......................................................................... 6

    B.     Apple relied on OpenTV's Local Rule 3-1(f) and 3-2(b) disclosures in
formulating its invalidity defenses and would suffer significant prejudice if
OpenTV were allowed to rely on priority dates other than those alleged in
its October 15, 2015 disclosure ............................................................ 7

    C.     The appropriate remedy is to preclude OpenTV from asserting invention
dates earlier than those disclosed in its Patent Local Rule 3-1(f) disclosures ........ 8

    D.     OpenTV cannot demonstrate good cause pursuant to Patent L.R. 3-6 to
amend its Patent L.R. 3-1(f) and 3-2(b) disclosures, and cannot
demonstrate good cause pursuant to Fed. R. Civ. P. 16(b) to extend the
deadline for compliance with Patent L.R. 3-1(f) and 3-2(b) disclosures ............. 10

    E.     OpenTV's vague alleged June, 2001 conception date for the '169 Patent
should be limited to June 30, 2001 at the earliest .............................. 13

V.   CONCLUSION ................................................................................................. 13

APPLE'S MOT. TO PRECLUDE
5:15-CV-02008-EJD

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*,
  796 F.2d 443 (Fed. Cir. 1986) ................................................................................................2

*BioGenex Labs. v. Ventana Med. Sys.*,
  2005 U.S. Dist. LEXIS 45531 (N.D. Cal. Feb. 24, 2005) .....................................................10

*Blue Spike, LLC v. Adobe Sys.*,
  No. 14-1647, 2015 U.S. Dist. LEXIS 8778 (N.D. Cal. Jan. 26, 2015) ...........................4, 10, 13

*Fleming v. Escort, Inc.*,
  774 F.3d 1371 (Fed. Cir. 2014) ..............................................................................................2

*Harvatek Corp. v. Cree, Inc.*,
  No. 14-5353, 2015 U.S. Dist. LEXIS 93388 (N.D. Cal. July 17, 2015) ..............................3, 9

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ...........................................................................................10, 11

*Mahurkar v. CR Bard, Inc.*,
  79 F. 3d 1572 (Fed. Cir. 1996) ................................................................................................3

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*,
  467 F.3d 1355 (Fed. Cir. 2006) ....................................................................................8, 10, 11

*Singh v. Brake*,
  222 F.3d 1362 (Fed. Cir. 2000) ...............................................................................................8

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
  726 F.3d 1306 (Fed. Cir. 2013) ...........................................................................................3, 7

*Thought, Inc. v. Oracle Corp.*,
  No. 12-5601, 2015 U.S. Dist. LEXIS 137113 (N.D. Cal. Oct. 7, 2015) .......................... *passim*

**Statutes**

35 U.S.C. § 102 ............................................................................................................................2

35 U.S.C. § 103 ............................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 16 ................................................................................................................2, 9, 10

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3  Fed. R. Civ. P. 37 .................................................................................................................9

4  L.R. 3-1 ........................................................................................................................ *passim*

5  L.R. 3-2 ........................................................................................................................ *passim*

6  L.R. 3-6 ...............................................................................................................................10

7  L.R. 4...................................................................................................................................7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on September 15, 2016 at 9:00 a.m. in Courtroom 4 before the Honorable Edward J. Davila, Defendant Apple, Inc. ("Apple") requests the Court grant the following motion.

Apple moves to preclude OpenTV, Inc., Nagravision, SA, and Nagra France S.A.S. (collectively, "OpenTV") from asserting conception and reduction to practice dates earlier than those identified in its Patent L.R. 3-1(f) and 3-2(b) disclosures, including striking all qualifying language from that disclosure (*e.g.*, "at least as early as") and all interrogatory responses asserting such earlier invention dates. This motion relates to the three remaining patents-in-suit,[1] U.S. Patent Nos. 6,233,736 ("the '736 Patent"), 7,055,169 ("the '169 Patent"), and 7,725,740 ("the '740 Patent") (collectively, the "asserted patents").

The Scheduling Order in this case directs that "any disputes with respect to discovery or disclosure are referred to the assigned Magistrate Judge. Any disputes regarding any party's Patent Disclosures—including any request to amend pursuant to Patent L.R. 3-6—are likewise referred to the assigned Magistrate Judge." Dkt. 58 at 1. This motion does not seek additional discovery or disclosures from OpenTV, and does not seek permission to amend pursuant to Patent L.R. 3-6, but rather seeks a preclusionary sanction under Fed. R. Civ. P. 16(f). *See, e.g.*, Order Re Defendant's Discovery Letter, *Harvatek Corp. v. Cree, Inc.*, No. 14-5353, Dkt. 50 at 1 (N.D. Cal. June 9, 2015) (deeming discovery letter seeking order precluding patentee from asserting a certain conception date appropriate for resolution before the district judge rather than the magistrate), attached to the accompanying Declaration of Melody Drummond Hansen ("Drummond Hansen Decl.") as Exhibit 9. If the Court deems this motion to be more appropriate for resolution before the Magistrate Judge, then Apple requests the Court refer the motion to the Magistrate Judge.

---

[1] The Court held two other patents-in-suit, U.S. Patent Nos. 6,148,081 and 7,644,429, invalid, and OpenTV has requested permission to pursue an interlocutory appeal. Dkt. 75 at 6. Apple reserves the right to bring this motion with respect to those patents as well, if the Court's finding of invalidity is reversed on appeal.

APPLE'S MOT. TO PRECLUDE
5:15-CV-02008-EJD

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.**     **INTRODUCTION**

3

The dates of invention of the asserted patents and the supporting documentation are

4

critical disclosures in this litigation.  Apple needed those disclosures early in the case so that it

5

could identify relevant prior art and prepare its defenses during claim construction.  Early

6

disclosure of invention dates is so important that the Court's Local Patent Rules and Scheduling

7

Order required OpenTV to disclose the alleged invention dates, and all documents supporting the

8

alleged invention dates, over five months ago on October 15, 2015.  *See* Patent L.R. 3-1(f), 3-

9

2(b); Dkt. 58 at 2 (Scheduling Order).  OpenTV originally seemed to comply with Rules 3-1(f)

10

and 3-2(b) on October 15, 2015, but has now engaged in repeated attempts to depart from its

11

original disclosures.  Thus, pursuant to Fed. R. Civ. P. 16(f)(1)(C), Apple requests the Court

12

preclude OpenTV from asserting conception and reduction to practice dates other than those

13

identified in its October 15, 2015 Patent L.R. 3-1(f) and 3-2(b) disclosures, preclude OpenTV

14

from relying on supporting documentation other than what was specifically identified in

15

OpenTV's Patent L.R. 3-2(b) disclosure, strike all qualifying language (*e.g.*, "at least as early as")

16

in OpenTV's Rule 3-1(f) and 3-2(b) disclosures, strike all earlier conception and reduction to

17

practice dates proposed in OpenTV's subsequent interrogatory responses, and limit OpenTV to

18

asserting a conception date at the end of the date range it proposes for the '169 Patent—June 30,

19

2001.

20

21

**II.**     **LEGAL BACKGROUND ON PATENT PRIORITY DATES AND THE
NORTHERN DISTRICT OF CALIFORNIA'S REQUIREMENT THAT THEY BE
DISCLOSED EARLY IN LITIGATION**

22

A patent is invalid if someone else invented first, *i.e.*, if a prior art reference predates the

23

invention claimed in the patent.  *See* 35 U.S.C. §§ 102, 103 (statutes governing validity of

24

patents).[2]  The invention date is presumed to be the filing date indicated on the face of the patent,

25

unless the patent owner proves an earlier date.  *See Bausch & Lomb, Inc. v. Barnes-*

26

27

28

---

[2] Substantial modifications to 35 U.S.C. § 102 went into effect on March 16, 2013, but the old
version of § 102 applies in this case because the applications that led to the asserted patents were
filed before March 16, 2013.  *See Fleming v. Escort, Inc.*, 774 F.3d 1371, 1374 n.1 (Fed. Cir.
2014).

APPLE'S MOT. TO PRECLUDE
5:15-CV-02008-EJD

1  *Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed. Cir. 1986).  The invention date is earlier than the

2  filing date where the patent owner proves (1) the inventor conceived of the invention and reduced

3  it to practice prior to date of the reference, or (2) the inventor conceived of the invention prior to

4  the date of the reference and diligently reduced it to practice after the date of the reference.

5  *Mahurkar v. CR Bard, Inc.*, 79 F. 3d 1572, 1577 (Fed. Cir. 1996).  In either of those situations,

6  the "priority" date will be the conception date.  *Id.*  Proving an earlier priority date cannot be done

7  with oral testimony from the inventor alone, it also requires independent corroboration, typically

8  consisting of documentary evidence.  *See Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d

9  1306, 1324 (Fed. Cir. 2013).  If the patent owner proves a priority date for the patent that is

10  before the date of the reference, then the reference will not invalidate the patent.  *Id.* at 1322.

11  Thus, Patent Local Rule 3-1(f) requires the party alleging infringement to disclose: "For

12  any patent that claims priority to an earlier application, the priority date to which each asserted

13  claim allegedly is entitled; . . . ."  Patent Local Rule 3-2(b) further requires the party alleging

14  infringement to disclose "[a]ll documents evidencing the conception . . . of each claimed

15  invention, which were created on or before the date of application for the patent in suit or the

16  priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier."  In other words, Rule

17  3-1(f) at least "requires a patent holder to assert a specific date of conception," and Rule 3-2(b) at

18  least "requires the proactive and expedient production of evidence of that conception date."  *See*

19  *Thought, Inc. v. Oracle Corp.*, No. 12-5601, 2015 U.S. Dist. LEXIS 137113, at *15 (N.D. Cal.

20  Oct. 7, 2015) (Orrick, J.) (precluding reliance on certain priority date where supporting

21  documentation was disclosed late), citing *Harvatek Corp. v. Cree, Inc.*, No. 14-5353, 2015 U.S.

22  Dist. LEXIS 93388, at *2 (N.D. Cal. July 17, 2015) (same).  These requirements exist because:

> 23  The purpose of the local rules to crystallize the parties' theories early in litigation
> 24  would be frustrated if Patent Local Rule 3-1 and 3-2 were read to allow a plaintiff
> to avoid specifying a conception date or provide any documents that support this
> 25  date. ("[defendant's] failure to identify a specific conception date has allowed it to
> reverse the order of the procedure contemplated by our Patent Local Rules, giving
> 26  it a preview of [plaintiff's] invalidity contentions before offering a concrete
> conception date."). Indeed, many of Oracle's theories of invalidity rely on prior
> 27  art, which is heavily affected by the conception date.

28  *Thought*,  2015 U.S. Dist. LEXIS 137113 at *16 (citation omitted), citing *Harvatek*, 2015 U.S.

3

1   Dist. LEXIS 93388 at *2.

2       *Thought* clarified some potential ambiguity in the Patent Local Rules by rejecting the

3   patentee's argument that Patent L.R. 3-1(f) only requires conception date disclosures for "any

4   patent that claims priority to an earlier application." *Thought*, 2015 U.S. Dist. LEXIS 137113 at

5   *13–15.  And *Thought* also rejected the argument that the term "priority date" in Rule 3-1(f)

6   "refers solely to priority to an earlier application, and not necessarily to the date of conception

7   and reduction to practice." *Id.* (citations and quotations omitted).

8       For Patent L.R. 3-1(f), patentees are not permitted to vaguely identify their conception and

9   reduction to practice dates with qualifying language such as "no later than." *See, e.g.*, *Blue Spike,*

10  *LLC v. Adobe Sys.*, No. 14-1647, 2015 U.S. Dist. LEXIS 8778, at *13–*24 (N.D. Cal. Jan. 26,

11  2015) (striking without leave to amend the "no later than" language from a patentee's Patent L.R.

12  3-1(f) disclosure).  And patentees must identify a specific date, "not a start date, end date, or date

13  range." *Id*.  For Patent L.R. 3-2(b), patentees are required to "separately identify by production

14  number which documents correspond to each category."

15  **III.    FACTUAL BACKGROUND**

16      OpenTV served its Patent L.R. 3-1(f) and 3-2(b) disclosures on October 15, 2016.  *See* Ex.

17  1.  There, OpenTV asserted "a priority date at least as early as" the priority date "stated on the

18  face of" each asserted patent. Ex. 1 at 6.  OpenTV did not disclose any intent to rely on any

19  earlier conception or reduction to practice dates, other than a June 2001 conception date for the

20  '169 Patent.  *Id*. at 7.  OpenTV stated it had "not produced privileged documentation with this

21  disclosure."  *Id*.  OpenTV identified its Patent L.R. 3-2(b) disclosure documents as bates

22  numbered OPENTV2008-00008615 - OPENTV2008-00009148, which consisted of

23  approximately 500 pages of documents.  *Id*.

24      On November 23, 2015, Apple served interrogatories on OpenTV, including one

25  requesting,

26      For each asserted claim of the OpenTV Asserted Patents, describe in detail the
       circumstances surrounding the conception and reduction to practice of the claimed
27     invention, including, but not limited to the specific dates that you contend each
       asserted claim was conceived and reduced to practice; acts of diligence in
28     reducing the claimed invention to practice; all evidence that you contend

                                              4

corroborates said dates and/or diligence; the geographic location of and participants in such activity; and all persons with information concerning such circumstances and evidence.

Ex. 2 at 12; Drummond Hansen Decl. ¶ 2.  Apple also served Requests for Production on that same date requesting supporting documentation for any alleged dates of conception and reduction to practice.  Ex. 10 at 7–10; Drummond Hansen Decl. ¶ 10.  On December 7, 2015, Apple served its invalidity contentions, identifying its prior art and the corresponding dates for that prior art. *See generally*, Ex. 3.

On December 23, 2015, OpenTV provided its unverified response to Apple's Interrogatory No. 8.  Ex. 2 at 12–14.  In response to the interrogatory's request for a description of "all evidence" that "corroborates" the conception dates, OpenTV identified the same bates range identified in its Patent L.R. 3-2(b) disclosure.  *Compare* Ex. 2 at 13 *with* Ex. 1 at 7.  Thus, Apple sent OpenTV a letter requesting a meet and confer.  Ex. 4 at 1–3.  In that letter, Apple asked OpenTV to confirm that the OPENTV2008-00008615 - OPENTV2008-00009148 bates range was a complete identification of all evidence that OpenTV intended to rely on to support the alleged conception dates for the asserted patents.  *Id*. at 1.

On February 11, 2016, the parties held a meet and confer.  Ex. 6 at 1.  On that call, OpenTV refused to commit to a date by which they would identify invention dates with certainty and disclose all supporting documents, and refused to identify which of the 500 pages of supporting documentation corresponded to which asserted patent.  *Id*. at 1–2.  Also, OpenTV indicated that it was basing the June 2001 conception date on privileged documents that it had not produced.  Ex. 6 at 1.

Two weeks later, OpenTV backtracked on its L.R. 3-1(f) disclosure and its response to Interrogatory No. 8 by alleging in an email that the '736 Patent was conceived on Sept. 14, 1995, and stating that the file history for the '736 Patent was the supporting documentation.  Ex. 5 at 1; Drummond Hansen Decl. ¶ 11.  This new conception date predates some of Apple's prior art.  Ex. 3 at 13–16 (identifying the "Wistendahl" reference and others with priority dates during or before Sept., 1995).  OpenTV offered no explanation for why it had not disclosed this theory in its Patent L.R. 3-1(f) disclosure on Oct. 15, 2015, and no explanation for why it had not identified the file

APPLE'S MOT. TO PRECLUDE
5:15-CV-02008-EJD

1    history in its Patent L.R. 3-2(b) disclosure.  *See id*.  Over a month later, OpenTV served a

2    supplemental unverified response to Interrogatory No. 8, which incorporated its alleged

3    September 14, 1995 conception date for the '736 Patent.  Ex. 8 at 3.

4         On March 4, 2016, Apple sent another letter to follow up on the meet and confer that took

5    place on February 11, 2016.  Ex. 6 at 1.  On March 14, 2016, OpenTV continued its backtracking,

6    and stated that it might allege "an invention date of █████" for the '740 Patent.  Ex. 7 at 1.

7    OpenTV did not identify any supporting documentation.  *See id*.  OpenTV stated that "we cannot

8    confirm that we will never assert an earlier date, either in this litigation or in any inter partes

9    review proceeding you might request."  *Id*.  This new possible █████ priority date also

10   predates some of Apple's prior art.  *See* Ex. 3 at 55–56.

**IV.    THE COURT SHOULD PRECLUDE OPENTV FROM ASSERTING INVENTION DATES EARLIER THAN THOSE DISCLOSED IN ITS PATENT LOCAL RULE 3-1(f) DISCLOSURES AND STRIKE ALL LATE DISCLOSURES OF EARLIER INVENTION DATES AND ALL QUALIFYING LANGUAGE**

**A.    OpenTV seeks to flagrantly disregard its obligations under Patent Local Rules 3-1(f) and 3-2(b)**

15   Patent Local Rules 3-1(f) and 3-2(b) required OpenTV to disclose conception and

16   reduction to practice dates and corroborating documentation, and to identify the bates numbers

17   corresponding to that documentation.  *See Thought*, 2015 U.S. Dist. LEXIS at *15, *supra* Part II.

18   OpenTV disclosed its invention dates and supporting documentation in accordance with the

19   Court's Scheduling Order on October 15, 2015.  *See* Ex. 1; Dkt. 58.  But recently, OpenTV has

20   made it clear that OpenTV did not comply with its Rule 3-1(f) and 3-2(b) obligations.  Instead,

21   OpenTV has begun changing its allegations regarding conception dates.  OpenTV's first change

22   was on February 26, 2016, when it alleged a conception date of Sept. 14, 1995 for the '736

23   Patent.  Ex. 5 at 1.  This second change was egregious, because the allegedly supporting

24   document for the change is the file history of the '736 Patent (*see* Ex. 5).  This file history was in

25   OpenTV's possession at least by Oct. 15, 2015, when OpenTV produced a copy of that file

26   history to Apple.  Drummond Hansen Decl. ¶ 11.  OpenTV's second change was on March 14,

27   2016, when it alleged a possible invention date of █████ for the '740 Patent.  Ex. 7 at 1.

28   Even worse, OpenTV has made it clear that these and all other alleged priority dates are subject to

APPLE'S MOT. TO PRECLUDE
5:15-CV-02008-EJD

1    further change. *See, e.g.*, Ex. 7 ("we cannot confirm that we will never assert an earlier date").

2       It is also likely that OpenTV has supporting documentation that it has refused to produce.

3    OpenTV cannot merely rely on inventor testimony to prove its alleged invention dates because

4    corroboration, typically in the form of documentary evidence, is required. *See Taurus IP*, 726

5    F.3d at 1324. OpenTV has identified no supporting documentation for the alleged June 2001

6    conception date of the '169 Patent or for the alleged ███████ invention date of the '740

7    Patent. *See* Ex. 2 at 13; Ex. 7 at 1.

8       OpenTV has alleged that the documents supporting its June 2001 conception date for the

9    '169 Patent are privileged. Ex. 6 at 1. If OpenTV does not want to introduce evidence proving

10    the June 2001 conception date on privilege grounds, then it will be unable to carry its burden of

11    proving an earlier priority date. But OpenTV may be planning to produce more documents in

12    support of the June 2001 date at a later time. If OpenTV had any documents supporting its June

13    2001 conception date, then it was required to produce them on October 15, 2015, and specifically

14    identify the bates range corresponding to those documents. *See* Dkt. 58; Patent L.R. 3-2(b);

15    *Thought*, 2015 U.S. Dist. LEXIS at *15, *supra* Part II. It is too late to do so now, over five

16    months past the deadline.

17       In sum, OpenTV seeks to flagrantly disregard its obligations under Patent Local Rules 3-

18    1(f) and 3-2(b) by continuing to disclose invention dates and supporting documentation well after

19    the deadline for such disclosures.

20       **B.**      **Apple relied on OpenTV's Local Rule 3-1(f) and 3-2(b) disclosures in formulating its invalidity defenses and would suffer significant prejudice if OpenTV were allowed to rely on priority dates other than those alleged in its October 15, 2015 disclosure**

21

22

23       In order to formulate its invalidity defenses, Apple has searched for and evaluated a large

24    body of prior art, including prior art dated after OpenTV's new priority dates. Drummond

25    Hansen Decl. ¶ 12. The majority of the work required to evaluate possible prior art stems from

26    the fact that many of the terms used in the asserted claims are ambiguous. *Id*. This ambiguity is

27    what leads to the claim construction process specified in the Court's Patent Local Rules. *See*

28    Patent L.R. 4. To attempt to clarify all potentially dispositive ambiguities, the parties submitted a

APPLE'S MOT. TO PRECLUDE
5:15-CV-02008-EJD

1   list of joint and disputed claim constructions in the Joint Claim Construction and Prehearing

2   Statement on Jan. 29, 2016.  Dkt. 74; Dkt. 58.  Apple's agreed and disputed constructions are, in

3   part, oriented toward clarifying whether the scope of the asserted claims extends to what is

4   disclosed by the prior art.  Drummond Hansen Decl. ¶ 12.  If certain of Apple's prior art are no

5   longer relevant to this action (because they are predated by new conception dates), then Apple

6   will have wasted considerable time and effort.  Drummond Hansen Decl. ¶ 12.  And if certain key

7   prior art is no longer available, Apple may have to significantly revise its invalidity defenses.

8   Drummond Hansen Decl. ¶ 12.

9          Late production of the supporting documentation may impact the Court's claim

10  construction proceedings for the additional reason that the documentation is likely to consist of

11  inventor notebooks or other evidence created by the inventor.  *See, e.g.*, *Singh v. Brake*, 222 F.3d

12  1362, 1366 (Fed. Cir. 2000) (discussing corroborating evidence consisting of inventor

13  notebooks).  Such evidence can illuminate the meaning of the claim terms and the scope of the

14  invention.

15         The waste and inefficiency that OpenTV's actions have caused is impossible to estimate

16  with any certainty, primarily because OpenTV still has not committed to any particular invention

17  dates.  If OpenTV were permitted to rely on invention dates other than those in its October 15,

18  2015 Patent L.R. 3-1(f) disclosure, then Apple would need to reevaluate significant portions of its

19  invalidity case, along with significant portions of the claim construction process.  In such an

20  eventuality, all claim construction deadlines would need to be shifted forward to a date late

21  enough for Apple to reformulate its invalidity defenses and corresponding claim constructions to

22  account for whatever priority dates OpenTV eventually commits to.

23         **C.      The appropriate remedy is to preclude OpenTV from asserting invention
24                  dates earlier than those disclosed in its Patent Local Rule 3-1(f) disclosures**

25         The Federal Circuit has evaluated situations of non-compliance with Patent L.R. 3-1 and

26  explained that district courts may "impose any 'just' sanction for the failure to obey a scheduling

27  order, including 'refusing to allow the disobedient party to support or oppose designated claims or

28  defenses, or prohibiting that party from introducing designated matters in evidence.'"  *O2 Micro*

APPLE'S MOT. TO PRECLUDE
5:15-CV-02008-EJD

1  *Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006), citing Fed. R. Civ. P.

2  16(f)(1)(C) and 37(b)(2)(B).

3      In *Thought*, this Court applied a preclusion remedy when faced with a patentee's late

4  compliance with Patent L.R. 3-2(b).  *See* 2015 U.S. Dist. 137113 at *9–17.  There, the patentee

5  asserted an invention date of May 1996 for the sole patent-in-suit in an interrogatory response on

6  March 11, 2013.  *Id.* at * 9.  However, at that time, the patentee provided no supporting

7  documentation.  *Id.* at *10–11.  The patentee then served its Patent L.R. 3-1 and 3-2 disclosures

8  on April 12, 2013, which "asserted that all patents other than the ones it specifically discussed

9  'claim priority as of their filing dates at the latest.'"  *Id*.  The defendant served its invalidity

10  contentions on August 2, 2013, in reliance on the patentee's "failure to provide any evidence in

11  support of the earlier invention date."  *Id*. at *11.  When the patentee later attempted to introduce

12  the supporting documentation, the defendant requested the Court "preclude [the patentee] from

13  asserting an invention date prior to the filing date of the [patent-in-suit]."  *Id*. at *11.  The Court

14  granted the motion, finding that "[n]either [the patentee's] Rule 3-1 and 3-2 disclosures, nor its

15  responses to [defendant's] interrogatories, provided a response sufficient for [the patentee] to rely

16  on a May, 1996 invention date."  *Id*. at *17.

17      Here, OpenTV's actions are more egregious than those in *Thought*.  OpenTV has now

18  changed its alleged invention dates twice and has provided no supporting documentation for

19  several of those dates.  For example, it has not provided documentary support for either the

20  alleged June 2001 conception date of the '169 Patent, or for the ███████ invention date for

21  the '740 Patent.  *See supra*, Part IV.A.  As in *Thought*, Apple has relied on the invention dates

22  disclosed in OpenTV's Patent L.R. 3-1 disclosure in formulating its defenses.  *See supra*, Part

23  IV.B.  OpenTV should not be allowed to hide the ball on critical facts by disregarding the Court's

24  Scheduling Order and the requirements of the Patent Local Rules.  If permitted to do so, OpenTV

25  would frustrate the purpose of Patent L.R. 3-1 and 3-2, which is to allow the parties to crystallize

26  their theories early in patent litigation.  *See Thought*, 2015 U.S. Dist. LEXIS 137113 at *16.

27      This Court has applied the remedy requested here in cases other than *Thought* as well.

28  *See, e.g.*, *Harvatek*, 2015 U.S. Dist. LEXIS 93388 at *1 (striking patentee's supplemental

9

production of evidence of conception date and precluding patent holder from asserting a conception date earlier than the filing date of the application for the patent-in-suit); *Blue Spike*, 2015 U.S. Dist. LEXIS 8778 at *23–*24 (striking without leave to amend the "no later than" language from a patentee's Rule 3-1(f) priority date disclosure).

Thus, OpenTV should be precluded from relying on invention dates earlier than those disclosed in its Rule 3-1(f) disclosure. The Court should strike all qualifying language (*e.g.*, "at least as early as") in OpenTV's Rule 3-1(f) disclosure and strike OpenTV's interrogatory responses to the extent they allege invention dates other than those expressly alleged in its Patent L.R. 3-1(f) and 3-2(b) disclosures.

**D.      OpenTV cannot demonstrate good cause pursuant to Patent L.R. 3-6 to amend its Patent L.R. 3-1(f) and 3-2(b) disclosures, and cannot demonstrate good cause pursuant to Fed. R. Civ. P. 16(b) to extend the deadline for compliance with Patent L.R. 3-1(f) and 3-2(b) disclosures**

OpenTV has not sought leave to amend their Patent L.R. 3-1(f) or 3-2(b) disclosures, but OpenTV has been proposing new conception dates and suggesting that it might produce additional documents. *See supra*, Part IV.A. To amend, OpenTV would need to show good cause. *See* Patent L.R. 3-6  ("Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."); *see BioGenex Labs. v. Ventana Med. Sys.*, 2005 U.S. Dist. LEXIS 45531, at *8–*13 (N.D. Cal. Feb. 24, 2005) (denying motion to amend infringement contentions to assert an earlier priority date because of a lack of good cause). OpenTV would also need to show good cause to extend the deadline for those disclosures. *See* Fed. R. Civ. P. 16(c)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The good cause standard of Patent L.R. 3-6 is the same as that set forth in Fed. R. Civ. P. 16(b). *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (comparing the "good cause" requirement of Patent L.R. 3-6 to the "good cause" requirement of Fed. R. Civ. P. 16(b)); *BioGenex*, 2005 U.S. Dist. LEXIS 45531 at *5–*6 (same).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see*

1    *also O2 Micro*, 467 F.3d at 1363 ("The district judges in the Northern District of California . . .

2    have understood the good cause requirement in the local patent rules to require a showing that the

3    party seeking leave to amend acted with diligence in promptly moving to amend when new

4    evidence is revealed in discovery.").  "Although the existence or degree of prejudice to the party

5    opposing the modification might supply additional reasons to deny a motion, the focus of the

6    inquiry is upon the moving party's reasons for seeking modification."  *Johnson*, 975 F.2d at 609.

7    "If that party was not diligent, the inquiry should end."  *Id.*

8        In *Softvault Sys., Inc. v. Microsoft Corp.*, plaintiff sought, six months after the disclosure

9    deadline, to amend its preliminary infringement contentions to assert a priority date that was six

10   months earlier than previously disclosed.  No. 06-0016, 2007 U.S. Dist. LEXIS 33060, at *2 (E.D.

11   Tex. May 4, 2007).  The court denied plaintiff's request, finding that plaintiff had failed to meet

12   Rule 16(b)'s good cause standard where its new invention date was based on a previous patent

13   application.  *Id.* at *4–6.  The Court explained that "the earlier application date is not 'new

14   information' that [the patentee] acquired from [the defendant] during discovery--it is information

15   that was publicly available *before* [the patentee] filed suit.  [The patentee] cannot establish

16   diligence in light of its failure to fully analyze this information."  *Id.* at *4.

17       Similarly, here, OpenTV cannot demonstrate good cause for amendment of the disclosures

18   or extension of the Oct. 15, 2015 deadline because there is no indication that OpenTV has been

19   diligent.  *See supra*, Part IV.A.  For example, on February 26, 2016 (four months after the

20   deadline), OpenTV asserted a Sept. 14, 1995 priority date for the '736 Patent.  Ex. 5 at 1.  But

21   that late assertion is based on one single public document—the file history.  *Id.*  OpenTV cannot

22   possibly argue that it was diligent in proposing the new priority date when that date is based on a

23   public document that it produced in this litigation on October 15, 2015. *See* Drummond Hansen

24   Decl. ¶ 11.  And that document has almost certainly been in OpenTV's possession long before it

25   filed the complaint.  Thus, it seems OpenTV simply did not conduct a reasonable investigation of

26   the conception dates until after it received Apple's invalidity contentions.  A patentee's failure to

27   read public documents in its possession is the polar opposite of diligence.  *See SoftVault*, 2007

28   U.S. Dist. LEXIS 33060 at *4.  It is now over five months past the deadline, and OpenTV

                                        11

1   continues to suggest new possible priority dates.  *See* Ex. 7 (Mar. 14, 2016 email suggesting

2   ▮▮▮▮▮▮▮ invention date for the '740 patent and disclosing no supporting documentation).

3   The Court should enforce its Scheduling Order and the Patent Local Rules and preclude OpenTV

4   from further attempting to disregard them.

5          OpenTV also cannot show diligence to justify amendment of its Patent L.R. 3-2(b)

6   disclosure to produce supporting documentation for conception dates.  For example, OpenTV's

7   Patent L.R. 3-2(b) disclosure alleged that the '169 Patent was conceived in June 2001.  Ex. 1 at 7.

8   OpenTV alleges that the supporting documentation is privileged, and is still considering whether

9   to waive privilege and produce the documents.  Ex. 6 at 1.  But OpenTV has possessed that

10  supporting documentation since at least October 15, 2015, over five months ago, when it first

11  disclosed the June 2001 conception date.  To date, OpenTV still has not produced any supporting

12  documentation.  The time for such production is long past, even if OpenTV had a reason for not

13  including it in its October 15, 2015 Patent L.R. 3-2(b) disclosure.

14         *Softvault* also recognized the prejudice caused a defendant when a plaintiff intentionally

15  withholds evidence relevant to the priority date of an asserted patent.  2007 U.S. Dist. LEXIS

16  33060 at *2.  The court explained: "Priority dates are an important element in patent infringement

17  cases.  An earlier priority date would necessarily shrink the relevant body of prior art and could

18  have a large impact on [defendant's] invalidity analyses."  *Id.*  The court then outlined two types

19  of prejudice suffered by a defendant when a plaintiff fails to timely disclose a priority date: (1)

20  "[a]llowing [plaintiff] to assert an earlier priority date at this time would prejudice [defendant] by

21  forcing [defendant] to incur additional expense in reassessing its invalidity analyses based on an

22  earlier priority date," and (2) "[defendant] would also likely lose the ability to use references that

23  are prior art under the currently asserted priority date."  *Id.*

24         Apple will suffer both types of prejudice in this case if OpenTV is permitted to

25  continually disclose, five months after the disclosure deadline, new invention dates and new

26  supporting documentation.  *See supra*, Parts III (identifying references lost) & IV.B (identifying

27  additional expense in reassessing its invalidity analysis based on earlier priority dates).

28

1

**E.      OpenTV's vague alleged June, 2001 conception date for the '169 Patent should be limited to June <u>30</u>, 2001 at the earliest**

2

3      Patent L.R. 3-1(f) requires a patentee to "assert a particular date—not a start date, end

4      date, or date range." *Blue Spike*, 2015 U.S. Dist. LEXIS 8778 at *24.  OpenTV identified an

5      entire month—"June 2001"—as the conception date for the '169 Patent. Ex. 1 at 7:14–:15.  As

6      OpenTV has not complied with Patent L.R. 3-1(f), it should only be allowed to assert the latest

7      conception date in the range (which maximizes the universe of potential prior art)—June 30,

8      2001.

9      **V.      CONCLUSION**

10      Apple respectfully requests the Court provide Apple the relief requested above.

11

12      Dated:  April 13, 2016                              O'MELVENY & MYERS LLP

13                                                  By:      /s/ *Melody Drummond Hansen*
                                                          Melody Drummond Hansen

14

15                                                           *Attorney for Defendant Apple, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S MOT. TO PRECLUDE
5:15-CV-02008-EJD