GEORGE A. RILEY (S.B. #118304)
griley@omm.com
LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

RYAN K. YAGURA (S.B. #197619)
ryagura@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
BRIAN M. COOK (S.B. #266181)
bcook@omm.com
KEVIN MURRAY (S.B. #275186)
kmurray2@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

Attorneys for Defendant
**APPLE INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| OpenTV, Inc., Nagravision, SA, and Nagra France S.A.S.,<br><br>                          Plaintiffs,<br><br>       v.<br><br>Apple Inc.,<br><br>                          Defendant. | Case No. 5:15-CV-02008-EJD<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY PENDING COMPLETION OF USPTO PROCEEDINGS**<br><br>Date: September 15, 2016<br>Time: 9:00 a.m.<br>Judge: Honorable Edward J. Davila<br>Courtroom: 4 |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ........................................................................................................................ 1

RELIEF SOUGHT .............................................................................................................................. 1

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND ................................................................................................................... 3

    A. This Litigation ........................................................................................................ 3

    B. America Invents Act .............................................................................................. 3

III. ARGUMENT ......................................................................................................................... 4

    A. This Court Has Authority to Stay This Case Pending Resolution of the USPTO Proceedings ............................................................................................. 4

    B. All Relevant Factors Favor Staying This Case Pending Resolution of the USPTO Proceedings ............................................................................................. 5

        1. The Stage of Litigation Weighs in Favor of a Stay Because Discovery Is Not Complete and No Trial Date Has Been Set ..................... 5

        2. A Stay Will Simplify the Issues for Trial Because USPTO Proceedings Have Been Filed on All Remaining Patents .......................... 6

        3. OpenTV Will Not Suffer Tactical Disadvantage or Undue Prejudice ........ 9

            a. Timing of the Petition for Review and Request for Stay .............. 10

            b. Status of Review Proceedings ........................................................ 10

            c. Relationship of the Parties ............................................................. 11

IV. CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acqis, LLC v. EMC Corp.*,
 109 F. Supp. 3d 352 (D. Mass. 2015) .................................................................................... 6

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
 694 F.3d 1312 (Fed. Cir. 2012) ......................................................................................... 3, 11

*Asetek Holdings, Inc. v. Cooler Master Co.*,
 2014 WL 1350813 (N.D. Cal. Apr. 3, 2014) ......................................................................... 10

*AT&T Intellectual Property I v. Tivo, Inc.*,
 774 F.Supp.2d 1049 (N.D. Cal. 2011) .................................................................................... 5

*Autoalert, Inc. v. Dominion Dealer Solutions, LLC*,
 2013 U.S. Dist. LEXIS 171890 (C.D. Cal. May 22, 2013) ................................................... 12

*Black & Decker Inc. v. Positec USA, Inc.*,
 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) ....................................................................... 5, 10

*BodyMedia Inc. v. Basis Science, Inc.*,
 2013 WL 2462105 (D. Del. June 6, 2013) .............................................................................. 9

*Capriola Corp. v. Larose Indus.*,
 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013) ................................................................. 5, 10

*Clearlamp LLC v. LKQ Corp.*,
 No. 1:12- cv-02533, Dkt. 43, (N.D. Ill. Oct. 18, 2012) ......................................................... 10

*Cypress Semiconductor Corp. v. GSI Tech., Inc.*,
 2014 U.S. Dist. LEXIS 142858 (N.D. Cal. Oct. 7, 2014) ...................................................... 10

*Davol, Inc. v. Atrium Med. Corp.*,
 2013 WL 3013343 (D. Del. June 17, 2013) ............................................................................ 7

*DSS Tech. Mgmt., Inc. v. Apple Inc.*,
 2015 WL 1967878 (N.D. Cal. May 1, 2015) ........................................................... 4, 5, 6, 11

*Ever Win Int'l Corp. v. RadioShack Corp.*,
 902 F. Supp. 2d 503 (D. Del. Oct. 9, 2012) ............................................................................ 7

*Evolutionary Intelligence LLC v. Apple, Inc.*,
 2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ......................................................................... 7, 10

*Evolutionary Intelligence LLC v. Yelp Inc.*,
 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ...................................................................... 10

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) ........................................................................... 5

**TABLE OF AUTHORITIES**
(continued)

| | Page(s) |
|---|---|
| *e–Watch, Inc. v. Lorex Canada, Inc.*, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) | 5, 10 |
| *Ho Keung Tse v. Apple Inc.*, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007) | 10 |
| *Krippelz v. Ford Motor Co.*, 667 F.3d 1261 (Fed. Cir. 2012) | 9 |
| *Moneycat Ltd. v. Paypal Inc.*, 2014 WL 5689844 (N.D. Cal. Nov. 4, 2014) | 1 |
| *OpenTV, Inc. and Nagra France SAS, v. Netflix, Inc.*, Case No. 1:12-cv-01733-GMS | 2 |
| *PersonalWeb Technologies, LLC v. Facebook, Inc.*, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) | 6 |
| *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022 (N.D. Cal. 2014) | 7 |
| *Pi Net Int'l, Inc. v. Hertz Corp.*, 2013 U.S. Dist. LEXIS 81570 (C.D. Cal. June 5, 2013) | 11 |
| *Pragmatus AV, LLC v. Facebook, Inc.*, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) | 5, 7, 10 |
| *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842 (Fed. Cir. 2008) | 4 |
| *Robert Bosch Healthcare Sys. v. Cardiocom, LLC*, 2014 WL 3107447 (N.D. Cal. July 3, 2014) | 10 |
| *Round Rock Research LLC v. Dole Food Co.*, 2012 WL 1185022 (D. Del. Apr. 6, 2012) | 9 |
| *Sabert Corp. v. Waddington N. Am., Inc.*, 2007 WL 2705157 (D.N.J. Sept. 14, 2007) | 9 |
| *Sec. People, Inc. v. Ojmar US, LLC*, 2015 WL 3453780 (N.D. Cal. May 29, 2015) | 1, 4, 5, 6 |
| *Select Comfort Corp. v. Tempur Sealy Int'l*, 2014 U.S. Dist. LEXIS 183450 (D. Minn. Oct. 10, 2014) | 5, 7, 10 |
| *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) | 5, 10 |
| *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337 (Fed. Cir. 1998) | 7 |

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Software Rights Archive, LLC v. Facebook, Inc.*,
  2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ................................................................. 5, 10

*SSW Holding Co. v. Schott Gemtron Corp.*,
  2013 WL 4500091 (W.D. Ky. Aug. 21, 2013) .................................................................. 5, 10

*Star Envirotech, Inc. v. Redline Detection*, LLC,
  2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) ..................................................................... 5, 11

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
  1995 WL 20470 (N.D. Cal. Jan. 13, 1995) ............................................................................. 9

*VirtualAgility Inc. v. Salesforce.com Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ............................................................................................ 1, 12

*Wonderland Nurserygoods Co. v. Baby Trend, Inc.*,
  2015 U.S. Dist. LEXIS 53053 (C.D. Cal. Apr. 20, 2015) ........................................... 2, 5, 8, 11

*Xilidev, Inc. v. Boku, Inc.*,
  2014 WL 3353256 (S.D. Cal. July 1, 2014) ............................................................................ 1

**Statutes**

35 U.S.C. § 314(a) ............................................................................................................................ 4

35 U.S.C. § 314(b) ...................................................................................................................... 3, 11

35 U.S.C. § 315(b) ......................................................................................................................... 10

35 U.S.C. § 315(e)(2) ............................................................................................................... 2, 4, 8

35 U.S.C. § 316 ................................................................................................................................ 4

35 U.S.C. § 316(a)(11) .................................................................................................................. 3, 4

35 U.S.C. § 318(c) ............................................................................................................................ 9

35 U.S.C. § 324(a) ............................................................................................................................ 4

35 U.S.C. § 324(c) ..................................................................................................................... 3, 11

35 U.S.C. § 326(a)(11) .................................................................................................................. 3, 4

35 U.S.C. § 6(a)-(c) .......................................................................................................................... 4

35 U.S.C. §§ 311-319 ....................................................................................................................... 4

AIA § 18(a)(1)(D) ..................................................................................................................... 2, 4, 8

AIA § 18(b)(1) .................................................................................................................................. 1

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Regulations**

37 C.F.R. 42.300(a) .................................................................................................................. 4

77 Fed. Reg. 48680-01 ............................................................................................................. 4

**NOTICE OF MOTION**

Defendant Apple Inc. ("Apple") gives notice that on September 15, 2016, at 9:00 a.m., in Courtroom 4, 280 South 1st Street, San Jose, CA 95113, Apple will and hereby does move for a stay of this matter pending *inter partes* and covered business method reviews of the patents-in-suit.[1]

**RELIEF SOUGHT**

Apple moves for a stay of this matter pending *inter partes* and covered business method reviews of the patents-in-suit (IPR Nos. 2016-00961 and 2016-00992 and CBM No. 2016-00066).

## I. INTRODUCTION

Each of the three remaining patents in this case is subject to either a petition for *inter partes* review ("IPR") or a petition for covered business method review ("CBM") pending before the United States Patent and Trademark Office ("USPTO"). The outcome of these USPTO proceedings will either resolve this case completely or substantially narrow the issues in dispute. The case is still in a relatively early stage, and Apple's motion is timely filed less than a week after the IPR and CBM petitions were filed. Thus, Apple respectfully submits that staying this case at the current stage would conserve the Court's and the parties' time and resources, promote judicial economy, result in no unnecessary delay, and avoid the potential for inconsistent judgments. Each of the factors courts typically consider when deciding a motion to stay favors granting Apple's motion.[2]

---

[1] Apple met-and-conferred with Plaintiffs and understands that Plaintiffs will oppose this motion.
[2] The factors relevant to a stay pending IPR and those relevant to a stay pending CBM are identical except that for a CBM there is a fourth factor: whether a stay, or denial thereof, will reduce the burden of litigation on the parties and on the court. *Compare Sec. People, Inc. v. Ojmar US, LLC*, 2015 WL 3453780, at *2 (N.D. Cal. May 29, 2015) with *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (citing AIA § 18(b)(1)); *see also Xilidev, Inc. v. Boku, Inc.*, 2014 WL 3353256, at *1 (S.D. Cal. July 1, 2014) ("The primary difference between this [CBM] test and the one employed by courts in the ordinary patent reexamination context is the inclusion of the fourth factor regarding whether a stay will reduce the burden of litigation.") Because two of the patents-in-suit are subject to petitions for IPR and the factors relevant to a stay pending IPR are more stringent than those for a stay pending CBM, Apple focuses its arguments on those factors relevant to a stay pending IPR. *See Moneycat Ltd. v. Paypal Inc.*, 2014 WL 5689844, at *2 (N.D. Cal. Nov. 4, 2014) (noting that, with respect to

1      First, the stage of this case favors a stay. The case has been pending for less than a year
2   and is still in a relatively early stage—the parties have yet to take any depositions, claim
3   construction has not been heard or decided, the close of fact discovery has not been scheduled,
4   expert discovery has not begun, and no trial date has been set.

5      Second, a stay will likely simplify the issues in this litigation. If the USPTO invalidates
6   the three patents still at issue through IPR and CBM, this entire case will be moot. Even if the
7   USPTO finds patentable some of the claims of the patents-in-suit, the Court will have the benefit
8   of the Patent Trial and Appeal Board's ("PTAB's") findings, and Apple will be estopped from
9   raising certain invalidity defenses in the district court litigation. *See* 35 U.S.C. § 315(e)(2); AIA
10  § 18(a)(1)(D). Under either outcome, the issues remaining for trial will be greatly simplified after
11  the conclusion of the USPTO proceedings. Further, because an IPR was previously instituted for
12  one of the patents-in-suit[3] on similar grounds and prior art as Apple's current petition and because
13  the standard for instituting an IPR remains unchanged, institution of an IPR is nearly certain for at
14  least one patent in this case. But even in the unlikely event USPTO proceedings are not instituted
15  on any of the patents-in-suit, the stay will be short and will not waste judicial resources. *See*
16  *Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, 2015 U.S. Dist. LEXIS 53053, at *8 (C.D.
17  Cal. Apr. 20, 2015) (a stay is appropriate even where it is unclear the USPTO will institute an IPR
18  because the stay will be relatively short and the action can continue with minimal delay if an IPR
19  is not instituted).

20     Finally, a stay will not put OpenTV at a tactical disadvantage. Apple's IPRs and CBM
21  were timely filed, and Apple filed this motion promptly thereafter. OpenTV will not be unduly

---

motions for stay pending CBM review, "Congress apparently adopted the fourth factor to place a thumb on the scale in favor of granting stays.") However, the fourth factor, relevant to CBMs only—whether a stay, or denial thereof, will reduce the burden of litigation on the parties and on the court—also favors granting Apple's motion. The IPR and CBM proceedings have the potential to resolve the entire case, narrow the invalidity defenses that may be raised at trial, and/or simplify the issues for the Court, and give the Court the benefit of the Patent Trial and Appeal Board's ("PTAB's") findings, all of which would reduce the burden of litigation on the Court and the parties.

[3] Netflix filed an IPR petition regarding U.S. Patent No. 6,233,736. The IPR was instituted but was terminated by Netflix, Inc. when Netflix and OpenTV reached a settlement. *See OpenTV, Inc. and Nagra France SAS, v. Netflix, Inc.*, Case No. 1:12-cv-01733-GMS, IPR2014-00269.

1  prejudiced by a stay.  OpenTV and Apple are not competitors in the market because they provide
2  different products to different consumers.  *See ActiveVideo Networks, Inc. v. Verizon Commc'ns,*
3  *Inc.*, 694 F.3d 1312, 1337-38 (Fed. Cir. 2012) (holding that the plaintiff and defendant were not
4  competitors where the plaintiff sold hardware and software to providers of media services and the
5  defendant marketed and sold media services to end users).  Accordingly, there is no potential for
6  irreparable harm, and monetary damages will be more than sufficient compensation for any delay
7  that may result from a stay.  Thus, Apple respectfully submits that judicial comity and case
8  efficiencies warrant a stay of this case pending the outcome of the USPTO's reviews of the three
9  remaining patents.

## II. BACKGROUND

### A. This Litigation

Plaintiffs OpenTV, Inc., Nagravision, SA, and Nagra France S.A.S. (collectively, "OpenTV" or "the plaintiffs") asserted five patents in this lawsuit against defendant Apple, Inc. ("Apple")—U.S. Patent Nos. 7,725,740 ("the '740 Patent"), 7,644,429 ("the '429 Patent"), 7,055,169 ("the '169 Patent"), 6,233,736 ("the '736 Patent"), and 6,148,081 ("the '081 Patent"). ECF No. 1 ¶ 3.  On January 28, 2016, this Court invalidated the '081 and '429 Patents for claiming ineligible subject matter.  *See* ECF No. 72.  Thus only three patents remain at issue—the '740, '169, and '736 Patents.  Each of these remaining patents is subject to either an IPR or CBM petition filed by Apple in April and May of 2016.  Simmons Decl. ¶ 3.  The USPTO should issue its decisions regarding whether it will institute review of the patents-in-suit before November 2, 2016.  *See id.*; 35 U.S.C. § 314(b), 324(c).  If reviews are instituted, the PTAB will issue its final determinations regarding the validity of these three patents by November 2, 2017.  *See* 35 U.S.C. § 316(a)(11), 326(a)(11).

### B. America Invents Act

"By enacting the Leahy-Smith America Invents Act ('AIA'), Congress sought to 'establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs' and 'to create a timely, cost-effective alternative to litigation.'"  *Sec. People, Inc. v. Ojmar US, LLC*, 2015 WL 3453780, at *1 (N.D.

1  Cal. May 29, 2015); *DSS Tech. Mgmt., Inc. v. Apple Inc.*, 2015 WL 1967878, at *1 (N.D. Cal.

2  May 1, 2015) (both citing 77 Fed. Reg. 48680-01).  The AIA created the IPR and CBM

3  procedures, by which the PTAB may review the patentability of one or more claims in a patent.

4  *See* 35 U.S.C. §§ 311-319; 37 C.F.R. 42.300(a).

5       A party petitioning for an IPR must establish "a reasonable likelihood that the petitioner

6  would prevail with respect to at least [one] of the claims challenged in the petition" in order for

7  the USPTO to institute IPR (35 U.S.C. § 314(a)); a party petitioning for a CBM must demonstrate

8  that it is "more likely than not" that at least one challenged claim is unpatentable (35 U.S.C. §

9  324(a)).  If the USPTO decides to institute IPR or CBM, the proceeding is conducted before a

10 panel of three technically-trained Administrative Patent Judges of the PTAB.  *See* 35 U.S.C. §§

11 6(a)-(c), 316.  Absent good cause to extend the schedule, each IPR and CBM must conclude

12 within one year of institution.  *See* 35 U.S.C. § 316(a)(11), 326(a)(11).  Following a final

13 determination, the petitioning party is estopped from asserting invalidity during a later civil action

14 "on any ground that the petitioner raised or reasonably could have raised during" the IPR (35

15 U.S.C. § 315(e)(2)) or any ground that the petitioner raised during the CBM (AIA § 18(a)(1)(D)).

16 **III. ARGUMENT**

17     **A.  This Court Has Authority to Stay This Case Pending Resolution of the USPTO Proceedings**

18

19      "The Supreme Court has long recognized that district courts have broad discretion to

20 manage their dockets, including the power to grant a stay of proceedings." *The Procter &*

21 *Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008).  While courts are

22 "under no obligation to stay proceedings pending parallel litigation in the PTAB, . . . judicial

23 efficiency and the desire to avoid inconsistent results may, after a careful consideration of the

24 relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition

25 for IPR." *Sec. People*, 2015 WL 3453780, at *2; *DSS Tech*, 2015 WL 1967878, at *2 (citations

26 omitted).  Indeed, courts in this district recognize "a liberal policy in favor of granting motions to

27 stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *See*

28 *id*. (citing *Pragmatus AV, LLC v. Facebook, Inc.*, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11,

2011)).[4]

### B. All Relevant Factors Favor Staying This Case Pending Resolution of the USPTO Proceedings

Courts in this district consider three factors when determining whether to grant a stay pending IPR proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Sec. People*, 2015 WL 3453780, at *2; *DSS Tech*., 2015 WL 1967878, at *2 (citations omitted). Each of these factors favors granting Apple's motion.

#### 1. The Stage of Litigation Weighs in Favor of a Stay Because Discovery Is Not Complete and No Trial Date Has Been Set

The first factor the courts consider is the stage of the litigation. *See AT&T Intellectual Property I v. TiVo, Inc*., 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011). Specifically, courts consider "whether discovery is complete and whether a trial date has been set." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014). This case is in its early stage: fact discovery is far from complete, no deposition has been noticed or taken, claim construction has not been heard or decided, expert discovery has not yet begun, and a trial date has not been set. A stay of the case at its current stage would further the goals of the AIA by eliminating unnecessary litigation costs and conserving the valuable judicial resources of this Court.

---

[4] Courts in this and other districts have regularly granted motions to stay before IPR petitions are instituted. *See, e.g., Select Comfort Corp. v. Tempur Sealy Int'l*, 2014 U.S. Dist. LEXIS 183450, at *11 (D. Minn. Oct. 10, 2014) ("Congress did not categorically decide that patent suits should or should not be stayed pending a decision by the USPTO to grant or deny a petition for an IPR. Instead, courts were left with the discretion to decide whether the specific facts presented by the motion warranted a stay."); *Black & Decker Inc. v. Positec USA, Inc.*, 2013 WL 5718460, at *3 (N.D. Ill. Oct. 1, 2013); *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522, at *1 (N.D. Cal. Sept. 17, 2013); *SSW Holding Co. v. Schott Gemtron Corp*., 2013 WL 4500091, at *4 (W.D. Ky. Aug. 21, 2013); *Capriola Corp. v. Larose Indus., LLC*, 2013 WL 1868344, at *2 (M.D. Fla. Mar. 11, 2013); *e–Watch, Inc. v. Lorex Canada, Inc*., 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013); *Star Envirotech, Inc. v. Redline Detection*, LLC, 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013); *Wonderland*, 2015 U.S. Dist. LEXIS 53053, at *8.

In *DSS Technology Management*, this Court found the stage of the litigation to favor a stay even though the parties had already engaged in some discovery, including a deposition. 2015 WL 1967878, at *2-3. The Court explained a stay was warranted because "significant work remains to be done, and fact discovery is not scheduled to close for another six months." *Id.* at 2. This case is at an even earlier stage in discovery—no deposition has been taken, scheduled, or even noticed, and the Court has yet to set a date for the close of fact discovery.

As this Court recognized in *Security People*, "[c]ourts have found that this factor weighs in favor of a stay even where litigation has progressed substantially further than the instant action." 2015 WL 3453780, at *2. The court in *PersonalWeb Technologies, LLC v. Facebook, Inc*. granted defendant's motion to stay even though "a claim construction order has been issued and the close of fact discovery is fast approaching" because "a substantial portion of the work— expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead." 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014); *see also Acqis, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 356 (D. Mass. 2015) (finding the "stage of the litigation" factor to favor a stay even though "a Markman hearing has taken place, and a claim construction opinion has been issued"). Thus, even though the parties have briefed their claim construction positions, a substantial portion of the case remains. *See* ECF No. 81, 82. In addition to the tasks identified in *PersonalWeb*—expert discovery, summary judgment, pretrial, and trial—this Court has yet to hold a Markman hearing or construe the disputed claim terms. Accordingly, the first factor—the stage of the litigation— favors a stay.

**2.    A Stay Will Simplify the Issues for Trial Because USPTO Proceedings Have Been Filed on All Remaining Patents**

The second factor considered by courts is whether a stay will simplify the issues for trial. When a motion to stay is based on pending USPTO proceedings, "this factor … weighs heavily in favor of granting the stay." *Sec. People*, 2015 WL 3453780, at *4. "A stay is favored where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'" *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027 (N.D.

1   Cal. 2014) (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir.
2   1998)). "A stay may also be granted in order to avoid inconsistent results, obtain guidance from
3   the PTAB, or avoid needless waste of judicial resources." *Evolutionary Intelligence LLC v.*
4   *Apple, Inc.*, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014). "Indeed, it is not uncommon for this
5   court to grant stays pending reexamination *prior* to the PTO deciding to reexamine the patent."
6   *Pragmatus*, 2011 WL 4802958, at *3 (emphasis added); *see also Evolutionary Intelligence*, 2014
7   WL 93954, at *2. In this case, a stay will either eliminate the need for trial or significantly
8   simplify the remaining disputes.

9   First, statistics show a high probability that the PTAB will institute reviews for all or a
10  substantial number of the challenged claims. Recent statistics published by the USPTO show that
11  the PTAB has instituted IPR proceedings on approximately 70 percent of all petitions filed since
12  2014 and CBM proceedings on approximately 68 percent. *See* Simmons Decl., Ex. 1 at 8.
13  Several courts have recognized similar statistics showing a high likelihood of review as a factor
14  weighing in favor of a stay. *See, e.g., Select Comfort*, 2014 U.S. Dist. LEXIS 183450, at *11
15  (granting stay pending IPR based on "USPTO's current statistics indicat[ing] a 3-out-of-4 chance
16  that the USPTO will grant the petition for an IPR"); *Davol, Inc. v. Atrium Med. Corp.*, 2013 WL
17  3013343, at *5 n.7 (D. Del. June 17, 2013) (granting stay and noting "the statistics referenced by
18  [movant] indicate that review has been granted in almost all the *inter partes* review petitions
19  considered by the PTO and that, in the old reexamination context, the PTO cancelled or narrowed
20  claims in the vast majority of cases"); *Ever Win Int'l Corp. v. RadioShack Corp.*, 902 F. Supp. 2d
21  503, 506 (D. Del. 2012) (noting that statistics show "a fair inference that the issues in this case are
22  apt to be simplified and streamlined to some degree").

23  Indeed, IPR institution is nearly certain for the '736 Patent given that the PTAB
24  previously instituted an IPR on the patent.[5] Netflix's prior IPR petition met the "reasonable
25  likelihood [of] prevail[ing] with respect to at least [one] of the claims challenged in the petition"
26  standard for all 12 claims of the '736 Patent and was granted in June 2014.[6] Apple's IPR petition

---

[5] *See* IPR2014-00269.
[6] *See id.*

relies on the same prior art reference—U.S. Patent No. 5,818,441 ("Throckmorton")—as the Netflix IPR.  Because the Netflix IPR was not resolved on the merits, but terminated after the case settled, it is very likely that the USPTO will institute an IPR for the '736 Patent again.

Second, a stay is warranted because the USPTO proceedings have the potential to make the entire case moot.  USPTO statistics show that in 763 of the 894 IPR proceedings concluded through trial before the PTAB, one or more claims were found to be unpatentable.  *See* Simmons Decl., Ex. 1 at 10.  Similarly, in 105 of the 108 CBM proceedings concluded through trial before the PTAB, one or more claims were found to be unpatentable.  *See id*. at 11.  Thus, in IPR proceedings, 85% of final written decisions published by the PTAB upon completion of trial resulted in the cancellation of at least one reviewed claim, and in CBM proceedings, 97% resulted in the cancellation of at least one reviewed claim.  Moreover, 640 of the 894 IPR trials (72%) and 85 of the 108 CBM trials (79%) resulted in the cancellation of **all claims** instituted for review.  *See id.* at 10, 11.  Here, an IPR or CBM has been filed against all asserted claims of the three remaining patents.  If the IPRs and CBM are instituted and if the asserted claims are found invalid, this entire suit could be resolved without consuming any more of this Court's judicial resources.  *See Wonderland*, 2015 U.S. Dist. LEXIS 53053, at *7 (granting stay "because Defendants have petitioned for review of all claims asserted in this action[; thus,] the outcome of the IPR has the potential to be case-dispositive").

Third, even if some of the claims are confirmed during the pending IPRs and CBM, the invalidity defenses that may be raised at trial will be narrowed by the USPTO's decisions, thus simplifying the issues for the Court and giving the Court the benefit of the PTAB's findings.  A final decision from the PTAB invalidating any asserted claim would remove that claim from trial in this case.  And a final decision confirming the validity of any claim would estop Apple from presenting invalidity defenses against that claim on "any ground that [Apple] raised or reasonably could have raised during that [] review" for those claims challenged through IPR (35 U.S.C. § 315(e)(2)) and any ground raised during review for those claims challenged through CBM (AIA § 18(a)(1)(D)).  Either way, the USPTO proceedings will streamline the disputes in this case.  Moreover, any amendments to the claims or narrowing statements made by the patentee during

1   the proceedings could alter the scope of the claims or narrow the scope of damages. *See, e.g.,*

2   *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("patentee's statements during

3   reexamination can be considered during claim construction, in keeping with the doctrine of

4   prosecution disclaimer"); *Round Rock Research LLC v. Dole Food Co.*, 2012 WL 1185022, at *1

5   (D. Del. Apr. 6, 2012) ("even if [the claims are] neither rejected nor modified, [they] will garner

6   additional prosecution history that may be relevant to claim construction"); 35 U.S.C. § 318(c)

7   (any new claim incorporated into a patent following an IPR will result in intervening rights, thus

8   eliminating liability for infringement of the new claims prior to their issuance).  In addition, the

9   proceedings could help the parties narrow the scope of discovery.  *See Target Therapeutics, Inc.*

10  *v. SciMed Life Sys., Inc.*, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995) (finding that it "makes

11  sense to ascertain the ultimate scope of the claims before trying to figure out whether defendants'

12  products infringe the patent-in-suit" in order to avoid conducting a "significantly wider scope of

13  discovery than necessary" to examine "the validity of claims which are modified or eliminated

14  altogether during reexamination").  Thus, even if some of the asserted claims survive the

15  proceedings, it is nearly certain that the process will help the parties streamline discovery and

16  simplify the issues remaining for the district court litigation.

### 3. OpenTV Will Not Suffer Tactical Disadvantage or Undue Prejudice

18  The third factor also favors a stay because OpenTV will not suffer any undue prejudice or

19  tactical disadvantage from a stay.  Courts have recognized that the mere potential for delay is not

20  sufficient to establish undue prejudice to the non-moving party.  *See Sabert Corp. v. Waddington*

21  *N. Am., Inc.*, 2007 WL 2705157, at *6 (D.N.J. Sept. 14, 2007) ("The stay, while adding time to

22  the litigation, is a minimal expenditure of judicial economy for what might be an optimal

23  efficiency gain.  The reexamination period may produce information that narrows the issue before

24  this court."); *BodyMedia Inc. v. Basis Science, Inc*., 2013 WL 2462105, at *1 n.1 (D. Del. June 6,

25  2013) ("[T]he potential for litigation delay is not, by itself, dispositive and does not demonstrate

26  that a party will be unduly prejudiced.").

27  Another court in this district identified four sub-factors that can help a court in evaluating

28  the prejudice prong: "(1) the timing of the petition for review; (2) the timing of the request for the

stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, 2014 U.S. Dist. LEXIS 142858, at *9 (N.D. Cal. Oct. 7, 2014). Each of these sub-factors favors a stay.

### a. Timing of the Petition for Review and Request for Stay

Apple diligently prepared and filed its IPR and CBM petitions in April and May of 2016, before the statutory deadline to file IPRs. *See* 35 U.S.C. § 315(b).[7] And Apple moved to stay this case promptly after it filed the petitions. Because Apple has been diligent in preparing its IPR and CBM petitions and moving for a stay, the first and second sub-factors weigh in favor of granting a stay. Courts have found that "[p]rovided an accused infringer is diligent, delay due to preparing an [inter partes review] petition, ascertaining the plaintiff's theories of infringement, or otherwise researching the patents that have been asserted in an action does not unduly prejudice the patent owner." *Asetek Holdings, Inc. v. Cooler Master Co.*, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014).

### b. Status of Review Proceedings

"Even as to claims for which a request for … IPR is pending, it is not uncommon for courts in this District 'to grant stays pending reexamination prior to the PTO deciding to reexamine the patent.'" *Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC*, 2014 WL 3107447, at *6 (N.D. Cal. July 3, 2014) (quoting *Pragmatus AV, LLC v. Facebook, Inc.*, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011)).[8] Although the PTAB has yet to institute IPR or

---

[7] Apple prepared and filed its IPR petitions after receiving plaintiffs' infringement contentions on October 15, 2015. Courts in this district have found that waiting until after receiving plaintiffs' infringement contentions to file IPR petitions does not cause undue prejudice. *See Evolutionary Intelligence v. Apple*, 2014 WL 93954, at *4; *Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 WL 6672451, at *9 (N.D. Cal. Dec. 18, 2013); *Ho Keung Tse v. Apple Inc.*, 2007 WL 2904279, at *4 (N.D. Cal. Oct. 4, 2007); *Cypress*, 2014 U.S. Dist. LEXIS 142858, at *9-10.

[8] *See also Clearlamp, LLC v. LKQ Corp.*, No. 1:12- cv-02533, Dkt. 43, (N.D. Ill. Oct. 18, 2012) (granting a motion to stay even though inter partes review was not yet instituted); *Select Comfort*, 2014 U.S. Dist. LEXIS 183450, at *11 (noting that "when enacting the AIA and putting into place the inter partes review process, Congress did not categorically decide that patent suits should or should not be stayed pending a decision by the USPTO to grant or deny a petition for an IPR. Instead, courts were left with the discretion to decide whether the specific facts presented by the motion warranted a stay."); *Black & Decker*, 2013 WL 5718460, at *3; *Semiconductor Energy*, 2012 WL 7170593, at *4; *Software Rights Archive*, 2013 WL 5225522, at *1; *SSW Holding*, 2013 WL 4500091, at *3-4; *Capriola*, 2013 WL 1868344, at *2-3; *e-Watch*, 2013 WL

- 10 -

APPLE'S MOTION TO STAY
5:15-CV-02008-EJD

1  CBM proceedings, it is nearly certain that IPR proceedings will be instituted on at least the '736

2  Patent.  Further, the delay while awaiting institution decisions will be relatively short as the

3  USPTO should issue its decisions regarding whether it will institute review of the patents-in-suit

4  before November 2, 2016.  *See* Simmons Decl. ¶ 3; 35 U.S.C. § 314(b), 324(c).  Thus, OpenTV

5  will not be prejudiced by a relatively short stay pending the PTAB's review.  Accordingly, this

6  sub-factor weighs in favor of granting a stay.

### c.     Relationship of the Parties

"[C]ourts have consistently found that where, as here, the parties are not competitors, Plaintiff 'does not risk irreparable harm by [Defendant's] continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief.'"  *DSS Tech*., 2015 WL 1967878, at *4 (citations omitted).

Apple and the plaintiffs are not competitors.  Plaintiff OpenTV, Inc. sells "middleware" software to makers of satellite receivers, such as DISH Network.  *See* ECF No. 1 ¶ 20.  Plaintiff Nagravision, SA, a Swiss corporation, and Plaintiff Nagra France S.A.S., a French corporation, sell television access control software to television broadcasters.  *Id*. ¶¶ 10, 11, 17.  Apple sells neither "middleware" for satellite receivers nor access control software for television broadcasters.  Rather, Apple markets and sells computers (e.g., the MacBook), consumer electronic products (e.g., the iPad, iPod, and iPhone), and software and media content through its iTunes platform.  In *ActiveVideo Networks*, the Federal Circuit found that the parties were not competitors because the plaintiff sold products to providers of media services and the defendant marketed media services to end users.  *See* 694 F.3d at 1337-38.  For the same reason, Apple and the plaintiffs are not competitors because Apple sells products directly to end users, whereas the plaintiffs sell their software to television broadcasters and equipment makers.  *See id*.  Thus, the plaintiffs will not suffer any prejudicial disadvantage by a stay.  *See DSS Tech*, 2015 WL 1967878, at *4; *Pi-Net Int'l, Inc. v. Hertz Corp*., 2013 U.S. Dist. LEXIS 81570, at *9-10, 12 (C.D. Cal. June 5, 2013) (noting because "[Plaintiff] is not a competitor of Defendants … there is

---

5425298, at *2-3; *Star Envirotech*, 2013 WL 1716068, at *2; *Wonderland*, 2015 U.S. Dist. LEXIS 53053, at *8.

1  no indication that Plaintiff will face undue hardship as a result of a stay").

2  Moreover, OpenTV's decision to not seek a preliminary injunction against Apple further
3  confirms that monetary damages will be more than sufficient compensation for any delay
4  resulting from a stay.  *See VirtualAgility*, 759 F.3d at 1319 (noting that a party's failure to seek a
5  preliminary injunction "contradict[ed] [that party's] assertion that it needs injunctive relief as
6  soon as possible."); *Autoalert, Inc. v. Dominion Dealer Solutions, LLC*, 2013 U.S. Dist. LEXIS
7  171890, at *8 (C.D. Cal. May 22, 2013) ("Plaintiff's failure to file for a preliminary injunction …
8  suggests that monetary damages will adequately compensate Plaintiff should Defendants be found
9  liable for patent infringement.").  Thus, this case should be stayed because OpenTV will not be
10 unduly prejudiced by a stay.

11 **IV. CONCLUSION**

12 This case is in its early stages—fact discovery is not yet complete, claim construction has
13 not been heard or decided, expert discovery has not started, and a trial date has not been set.
14 Resolution of the proceedings challenging the validity of ***all asserted claims of all remaining***
15 ***patents*** would eliminate or significantly narrow the issues in this case.  OpenTV will not be
16 prejudiced by a stay, as the USPTO proceedings and this motion have been timely filed, and
17 OpenTV is not a competitor to Apple.  Thus, Apple respectfully submits that judicial comity and
18 case efficiency warrant a stay of this case pending the outcome of Apple's IPR and CBM
19 petitions.

20 Dated: May 3, 2016                          O'MELVENY & MYERS LLP

22                                              By:    */s/ Luann L. Simmons*
23                                              Attorneys for Defendant APPLE INC.