UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENTV, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No.15-cv-02008-EJD (NC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 85 |

Defendant Apple Inc. moves to preclude plaintiff OpenTV from asserting conception and reduction to practices dates other than those identified in OpenTV's October 15, 2015, disclosures under Patent Local Rule 3-1(f) and 3-2(b); to preclude OpenTV from relying on supporting documentation other than what was specifically identified in OpenTV's Patent Local Rule 3-2(b) disclosures; to strike all earlier conception and reduction to practices dates proposed in OpenTV's subsequent interrogatory responses; and to limit OpenTV to asserting a conception date at the end of the date range it proposes for the '169 patent—June 30, 2001. Dkt. No. 85 at 2. OpenTV opposes the motion. Dkt. No. 91.

**I.    BACKGROUND**

Plaintiffs OpenTV, Inc., Nagravision, SA, and Nagra France S.A.S. (collectively, "OpenTV") sue defendant Apple Inc., alleging that Apple infringes U.S. Patent Nos. 6,233,736 (the '736 patent), 7,055,169 (the '169 patent), and 7,725,740 (the '740 patent).

Case No. 15-cv-02008-EJD (NC)

1   Apple contests the validity of these patents.

2       On October 15, 2015, OpenTV served its Patent Local Rule disclosures under rules
3   3-1(f) and 3-2(b).  Dkt. No. 85-3, Exh. 1.  In those disclosures, OpenTV asserted "a
4   priority date at least as early as" the priority date "stated on the face of" each asserted
5   patent.  Exh. 1 at 6.

6       On November 23, 2015, Apple served interrogatories on OpenTV, including one
7   requesting, the "circumstances surrounding the conception and reduction to practice"
8   including "the specific dates that you contend each claim was conceived."  Dkt. No. 85-4,
9   Exh. 2 at 12.  Apple also served requests for production requesting supporting
10  documentation for any alleged dates of conception.  Dkt. No. 85-12, Exh. 10 at 7-10.

11      On December 23, 2015, OpenTV provided its interrogatory response, identifying
12  the same bates range of 500 pages that it had previously listed with its October disclosures.
13  Dkt. No. 85-4, Exh. 2 at 12-14.

14      In mid-February, after the parties met and conferred, OpenTV identified a
15  conception date of September 14, 1995, for the '736 patent, which predates some of
16  Apple's prior art.  Dkt. No. 85-7, Exh. 5.  On March 14, 2016, OpenTV stated that it might
17  allege a conception date for the '740 patent which predates the filing of the patent and
18  some of Apple's prior art.  Dkt. No. 85-9, Exh. 7.

19  **II.   DISCUSSION**

20      Apple moves to preclude OpenTV's disclosures under Federal Rule of Civil
21  Procedure 16(f)(1)(C), which permits the Court to issue any just order regarding discovery,
22  including sanctions for failure to obey a scheduling order.

23      In support of its motion, Apple points to two decisions form this district directly on
24  point.  In *Harvatek Corporation v. Cree, Inc. et. al.*, Case No. 14-cv-5353 WHA, 2015 WL
25  4396379 (N.D. Cal. July 17, 2015), Judge Alsup struck the patent holder's "open-ended"
26  conception date.  Judge Alsup reasoned that the Patent Local Rules are designed to make
27  parties more efficient by stating with particularity the claims early in the case.  *Id.* at * 2.
28  Additionally, Judge Alsup concluded that the patent holder's late disclosure of a

Case No. 15-cv-02008-EJD (NC)    2

conception date prejudiced the accused infringer by creating "shifting sands," which the local rules were designed to prevent. *Id.* at * 3.

In *Thought, Inc. v. Oracle Corp.*, Case No. 12-cv-5601 WHO, 2015 WL 5834064 (N.D. Cal. Oct. 7, 2015), Judge Orrick similarly granted the accused infringer's motion to strike a late-disclosed invention date. Judge Orrick noted that Patent Local Rule 3-2(b) requires the party alleging infringement to provide "all documents evidencing the conception . . . of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-2(f), whichever is earlier." *Id.* at * 5. Judge Orrick concluded that this includes disclosure of the conception date. *Id.* (citing *Blue Spike, LLC v. Adobe Sys., Inc.*, 14-cv-1647 YGR (JSC), 2015 WL 335842, at * 7 (N.D. Cal. Jan. 26, 2015)).

In response, OpenTV argues that this case is different from *Thought* and *Harvatek* for two main reasons. First, OpenTV argues that it need not disclose a *conception date* according to the local rules, only a priority date. Second, OpenTV argues that in the other cases, plaintiff was seeking to rely on newly produced documents, and those documents were the subject of the motions. Here, Apple is preemptively moving to prevent OpenTV from relying on documents supporting an earlier conception date at any point in the future of the litigation. As such, OpenTV argues that it is prejudiced because it cannot demonstrate good cause, since the argument is hypothetical, not concrete.

As to the first argument, OpenTV is correct that the Patent Local Rules explicitly require disclosure of a priority date. Patent L.R. 3-2(b). A priority date refers to the date of the earliest filed patent application. 35 U.S.C. § 119. "Generally, a patent is awarded to the first party to reduce an invention to practice, unless the other party can show that it was the first to conceive an invention and that it exercised reasonable diligence in later reducing the invention to practice." *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996)). A conception date will necessarily predate a priority date. *Id.* Proof of a conception date requires more than the inventor's testimony, and typically a patent holder must provide documentary evidence. *Taurus IP, LLC v. DaimlerChrysler Corp.*,

Case No. 15-cv-02008-EJD (NC)        3

1   726 F.3d 1306, 1323-24 (Fed. Cir. 2013).  A patent holder's asserted priority and
2   conception date is pivotal to the accused infringer's assessment of relevant prior art.  *Id.* at
3   1323.

4       In the Northern District of California, the Patent Local Rules require disclosure of
5   the priority date and also the documents that the patent holder will use to demonstrate an
6   earlier conception date.  Patent L.R. 3-2(b), 3-2(f).  In addition to the disclosures under the
7   Patent Local Rules, Apple served interrogatories on OpenTV seeking specific conception
8   dates for each asserted claim.  In its responses, OpenTV did not identify a specific
9   conception date for the '736 patent.  However, in February 2016, OpenTV identified a
10  conception date for the '736 patent of September 14, 1995, which predates the priority date
11  on the face of the patent by a year and a half.

12      The Court agrees with Judge Orrick's reasoning in *Thought* that OpenTV had an
13  obligation to disclose its conception date and the relevant documents to support the
14  conception date under the Patent Local Rules.  Additionally, OpenTV failed to answer
15  Apple's interrogatory in a timely manner.

16      As to OpenTV's second argument, the Court disagrees with OpenTV that Apple's
17  request to prevent OpenTV from asserting any other conception date is premature.  Federal
18  Rule of Civil Procedure 26 (requiring initial disclosures), the Patent Local Rules, and the
19  Court's case management schedule set forth deadlines by which the parties can reasonably
20  expect to understand the nature and scope of the dispute at issue in a given case.
21  Additionally, Apple had a one-year deadline to determine if it would challenge the patents-
22  in-suit as invalid in an IPR proceeding.  Thus, it is not premature to expect that the parties
23  disclose key information in the case early and in accordance with the scheduling deadlines.

24  **III.  CONCLUSION**

25      In conclusion, the spirit of the patent local rules is to ensure early crystallization of
26  the parties' theories, and specifically, to place the burden on the plaintiff to quickly decide
27  on and disclose the contours of its case.  *See Atmel Corp. v. Information Storage Devices*
28  *Inc.*, No. 95-cv-1987 FS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998); *Harvatek*, 14-

Case No. 15-cv-02008-EJD (NC)    4

1  cv-5353 WHA, 2015 WL 4396379, at *3.

2  The Court GRANTS Apple's motion to preclude plaintiff OpenTV from asserting
3  conception and reduction to practices dates other than those identified in OpenTV's
4  October 15, 2015, disclosures under Patent Local Rule 3-1(f) and 3-2(b); to preclude
5  OpenTV from relying on supporting documentation other than what was specifically
6  identified in OpenTV's Patent Local Rule 302(b) disclosures; to strike all earlier
7  conception and reduction to practices dates proposed in OpenTV's subsequent
8  interrogatory responses; and to limit OpenTV to asserting a conception date at the end of
9  the date range it proposes for the '169 patent—June 30, 2001.

10  Any party may object to this ruling within 14 days. Fed. R. Civ. P. 72(a).

11  **IT IS SO ORDERED.**

13  Dated: June 9, 2016  _____
14  NATHANAEL M. COUSINS
   United States Magistrate Judge

Case No. 15-cv-02008-EJD (NC)     5